UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHEDDRICK JACOBS,

                    Petitioner,

vs.                                    Case No.  2:08-cv-786-FtM-29SPC

SECRETARY  FLORIDA  DEPARTMENT  OF
CORRECTIONS  and  FLORIDA  ATTORNEY
GENERAL,

                    Respondents.

_____


**OPINION AND ORDER**

**I.**

     Petitioner Sheddrick Jacobs[1] initiated this action by filing
a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254
on October 9, 2008 and Memorandum of Law,[2] challenging his state
court judgment of conviction entered in the Twentieth Judicial
Circuit in Lee County Florida (case number 04-16553) for: (count
one) giving a false name by an arrested person; (count two) driving
with a suspended or revoked license; and, (count three) possession

_____

     [1]Petitioner will be referred to as "Petitioner," "Jacobs," or
"Defendant."

     [2]The unsigned and undated Petition (Doc. #1) was filed in this
Court on October 9, 2008.  The Court ordinarily applies the
"mailbox rule" and deems the Petition "filed on the date it was
delivered to prison authorities for mailing."  Alexander v. Sec'y
Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008), but here
the Petition contains no date on the prison date stamp.  Petition
at 1 (upper right corner).  Thus, the Court applies the date the
Petition was filed by the Clerk.  Also, pursuant to the Court's
Order (Doc. #8), Petitioner later filed a signed, Amended Petition.

of a firearm by a convicted felon.[3]   Petition at 1; Exh. 8.
Petitioner is proceeding on his Amended Petition (Doc. #9, Amended
Petition) and Amended Memorandum of Law (Doc. #12, Memorandum).
The Amended Petition sets forth the following grounds for relief:

### Ground 1

Trial counsel rendered ineffective assistance by failing
to file a motion to suppress evidence obtained during a
search of Petitioner's vehicle and failing to call an
exculpatory witness at a suppression hearing.

### Ground 2

Prosecutorial Misconduct during closing argument when
prosecutor made an inference about Petitioner's knowledge
of the weapon in the car because he was the only person
in the car and/or Ineffective Assistance of Appellate
counsel for failing to raise this claim on direct appeal.

### Ground 3

Due Process violated by a confusing Jury Instruction on
"knowledge" of possession of firearm.

### Ground 4

Ineffective assistance of appellate counsel for failure
to raise claim of prosecutorial misconduct stemming from
the prosecutor questioning Petitioner about past crimes
committed.

See Amended Petition, Memorandum.   Respondent filed a Response
(Doc. #19, Response) in opposition to the Amended Petition and
filed exhibits (Doc. #22, Exhs. 1-14) consisting of the trial court

---

[3]The trial judge severed counts one and two from count three
for purposes of trial.  Petitioner proceeded to trial only on count
three.  After the jury returned a guilty verdict, Petitioner plead
guilty to counts one and two.

and post-conviction records.  Petitioner filed an unsigned, Reply (Doc. #20, Reply), addressing the Response to Ground One only.

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court.  Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007).  Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court.  Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).  This matter is ripe for review.

## II.  Applicable § 2254 Law

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this action.  Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001).  Under AEDPA, the standard of review is greatly circumscribed and highly deferential to the state courts.  Alston v. Fla. Dep't of Corr., 610 F.3d 1318, 1325 (11th Cir. 2010)(citations omitted).  AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible

under law." Bell v. Cone, 535 U.S. 685, 693 (2002). The following legal principles apply to this case.

## A.  Only Federal Claims are Cognizable

A federal court may entertain an application for a writ of habeas corpus from a person in state custody pursuant to a state court judgment only on the grounds that the petitioner is in custody in violation of the United States Constitution or the laws or treaties of the United States. 28 U.S.C. § 2254(a). A claimed violation of state law is insufficient to warrant review or relief by a federal court under § 2254. Pulley v. Harris, 465 U.S. 37, 41 (1984)(stating "[a] federal court may not issue the writ on the basis of a perceived error of state law."); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(stating "[t]oday, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Waddington v. Sarausad, 555 U.S. 179, 129 S. Ct. 823, 832 n.5 (2009)(same); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000)(stating that § 2254 was not enacted to enforce state-created rights); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983)(finding claim involving pure question of state law does not raise issue of constitutional dimension for federal habeas corpus purposes; state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved).

**B.  Federal Claim Must Be Exhausted in State Court**

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ."  28 U.S.C. § 2254(b)(1)(A).  This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts.  Rhines v. Weber, 544 U.S. 269, 274 (2005).  "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.  That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."  Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010)(citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) and Castile v. Peoples, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider.  A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion.  Anderson v. Harless, 459 U.S. 4, 7 (1983).  "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"  McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting

<u>Kelley v. Sec'y for the Dep't of Corr.</u>, 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." <u>Smith v. Jones</u>, 256 F.3d 1135, 1138 (11th Cir. 2001).  Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, . . . . ." <u>Smith</u>, 256 F.3d at 1138.  A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.  First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error.  <u>House v. Bell</u>, 547 U.S. 518, 536-37 (2006); <u>Mize v. Hall</u>, 532 F.3d 1184, 1190 (11th Cir. 2008).  Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice.  <u>House</u>, 547 U.S. at 536; <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000).

## C.  **Deference to State Court Decision**

A federal court must afford a high level of deference to the state court's decision.  <u>Ferguson v. Culliver</u>, 527 F.3d 1144, 1146 (11th Cir. 2008).  Habeas relief may not be granted with respect to

a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See Berghuis v. Thompkins, 130 S. Ct. 2250, 2259 (2010). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Blankenship v. Hall, 542 F.3d 1253, 1271 (11th Cir. 2008); Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002). When the last state court rendering judgment affirms without explanation, the Court presumes that it rests on the reasons given in the last reasoned decision. Powell v. Allen, 602 F.3d 1263, 1268 n.2 (11th Cir. 2010)(citing Ylst v. Nunnemaker, 501 U.S. 797, 803-05 (1991)).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that

contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. <u>Brown v. Payton</u>, 544 U.S. 133, 141 (2005); <u>Mitchell v. Esparza</u>, 540 U.S. 12, 15-16 (2003). It is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002); <u>Mitchell</u>, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedent if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, <u>Brown</u>, 544 U.S. at 134; <u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." <u>Bottoson</u>, 234 F.3d at 531 (quoting <u>Williams</u>, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable," a substantially higher threshold. <u>Renico v. Lett</u>, 130 S. Ct. 1855, 1862 (2010)(citations omitted). Depending upon the legal principle at issue, there can be a range

-8-

of reasonable applications.  Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004).

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d)(2).  A factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  The Supreme Court has not yet decided whether a petitioner must establish only that a factual finding is unreasonable, or must also rebut the presumption.  Wood v. Allen, 130 S. Ct. 841, 848 (2010).  In any event, the statutory presumption of correctness "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001)(citation omitted).

## D.    Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008).  Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  Newland, 527 F.3d at 1184.  In Strickland, the Supreme Court established a two-part test to determine whether

a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, *i.e.*, "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, *i.e.*, there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 688; <u>see also</u> <u>Bobby Van Hook</u>, 558 U.S. ___, 130 S. Ct. 13, 16 (2009). Thus, a habeas court's review of a claim under the <u>Strickland</u> standard is "doubly deferential." <u>Knowles v. Mirzayanze</u>, 556 U.S. 111, 129 S. Ct. 1411, 1420 (2009)(citing <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5-6 (2003)). The Court need not address both components of the <u>Strickland</u> analysis, if the petitioner makes an insufficient showing on one. <u>Cox v. McNeil</u>, 638 F.3d 1356, 1362 (11th Cir. 2011)(citing <u>Kokal v. Sec'y, Dep't of Corr.</u>, 623 F.3d 1331, 1344 (11th Cir. 2010)).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal

Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 130 S. Ct. at 17 (internal quotations and citations omitted).   In demonstrating counsel's deficiency, it is the petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom., Jones v. Allen, 549 U.S. 1030 (2006).   A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id.  A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.   An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom., Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different.   So, omissions are inevitable.   But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally

-11-

compelled.'" <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th
Cir. 2000)(quoting <u>Burger v. Kemp</u>, 483 U.S. 776, 794 (1987)).  In
finding prejudice, the court must determine that the result of the
proceedings would have been different considering "the totality of
the evidence before the judge or jury." <u>Berghuis</u>, 130 S. Ct.  at
2265 (quoting <u>Strickland</u>, 466 U.S. at 695).

### III. Analysis

**A.  Ground One**

Petitioner faults trial counsel for not filing a motion to
suppress evidence that was obtained from the vehicle Petitioner was
driving when officers stopped him for speeding and malfunctioning
taillights.  Amended Petition at 5; Memorandum at 8, 9.  Petitioner
acknowledges that he was arrested on misdemeanor charges stemming
from giving law enforcement officers a false name, and driving with
a suspended license.  <u>Id.</u> at 6-7.  Petitioner alleges, however,
that the police officers' search of his vehicle was illegal.
Memorandum at 6.  Specifically, Petitioner claims that the search
did not constitute an inventory search because the police officers
deviated from standard procedure by allowing his mother to retrieve
her vehicle, rather than impounding it.  <u>Id.</u> at 9.

In Response, Respondent argues that Petitioner cannot satisfy
the <u>Strickland</u> standard because he cannot show that the trial court
would have found the search illegal.  Respondent submits that the
State court could have concluded that the officers' search of

Petitioner's vehicle was permissible as a routine inventory search before impoundment, and, in the alternative, the vehicle could have been searched incident to Petitioner's lawful arrest.  Id. at 16-17.[4]  Respondent concedes that this claim is exhausted.  Id. at 10-11 (citing Exh. 11).

Petitioner raised the claim that counsel rendered ineffective assistance for failing to file a motion to suppress as ground four in his Rule 3.850 Motion, and ineffective assistance for failing to call his mother as a witness, if a motion to suppress had been filed, as ground five in his 3.850 Motion.[5]  Exh. 6 at 10-12.  After receiving a response from the State on the Rule 3.850 Motion, the post-conviction court, citing the Strickland standard,

---

[4]Respondent points out that if Petitioner had raised a substantive Fourth Amendment claim alleging an illegal search of his automobile, his claim would be barred by Stone v. Powell, 428 U.S. 465 (1976).  The Stone bar, however, does not preclude a Sixth Amendment ineffective assistance of counsel claim involving a Fourth Amendment issue.  Response at 10 (citing Canady v. Harrison, 188 F. App'x 951, 953 (11th Cir. 2006)(unpublished)).

[5]Significantly, Petitioner's first claim for relief in the instant Petition contains more facts supporting his argument than ground four in the Rule 3.850 Motion presented to the post-conviction court.  The Rule 3.850 Motion is vague and only alleges that the search was illegal because Petitioner had been stopped for a routine traffic infraction in someone else's car, and someone was coming to pick up the car.  Exh. 6 at 10; see also Exh. 9, Reply at 3.  In essence Petitioner was challenging the inventory search of the vehicle.  Nonetheless, the Court finds Ground One as stated in the Amended Petition was exhausted before the State court because when viewing the entire claim raised before the post-conviction court, a reasonable reader would understand the particular legal basis and the facts upon which Petitioner was relying to bring his claim.  McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005).

summarily denied Petitioner relief.  Exh. 8 (response); Exh. 9
(reply); Exh. 11 (order).  Specifically, the post-conviction court
found:

> Defendant's fourth allegation, that counsel was
> ineffective for failing to move to suppress the illegal
> search and seizure that resulted in finding the gun, is
> without merit in view of the case law which provides that
> inventory searches are an exception to the warrant
> requirement of the [F]ourth [A]mendment.  Therefore,
> counsel could not have been ineffective for failing to
> raise a meritless issue.  Teffeteller v. Dugger, 734 So.
> 2d 1009 (Fla. 1999).

Exh. 11 at 3.  With respect to calling Petitioner's mother as
witness, the post-conviction court ruled:

> Defendant claims if trial counsel would have investigated
> more, she would have known that his mother was arranging
> to have the car retrieved, thereby, rendering the search
> of the car unnecessary.  There is no requirement in the
> law that an arrested driver be given an alternative to
> impoundment.  Williams at 1084.  Accordingly, counsel
> could not have been ineffective for failing  to
> investigate a meritless issue.

Exh. 11 at 3-4.  Petitioner moved for a rehearing to no avail.
Exhs. 12-15.  The appellate court per curiam affirmed the post-
conviction court's order.  Exh. 16.

The record shows that the State court's decision was not
contrary to or an unreasonable application of Strickland; and, was
not an unreasonable determination of the facts based on the
evidence presented.  Trial counsel's performance cannot be deemed
deficient for failing to file a meritless motion to suppress.
Petitioner does not challenge the basis for the officers' stop of

his vehicle; his arrest stemming from Petitioner giving a false name to the officers and driving on a suspended license; or the fact that the vehicle was going to be impounded. The search of Petitioner's vehicle can properly be viewed as a lawful inventory search. Inventory searches of personal property are "a well-defined exception to the warrant requirement of the Fourth Amendment." Colorado v. Bertine, 479 U.S. 367, 371 (1987). An inventory search of a defendant's personal effects is a routine administrative procedure conducted by police incident to arrest. Illinois v. Lafayette, 462 U.S. 640, 643 (1983). "The justification for such searches does not rest on probable cause, and hence the absence of a warrant is immaterial to the reasonableness of the search." Id. The purpose of an inventory search is to protect the owner's property while it is in police custody, to protect the police from claims over lost or stolen property and to protect the police from potential dangers." South Dakota v. Opperman, 428 U.S. 364, 369 (1976). An inventory search is reasonable where there was no one present to whom the driver could give custody of the car after he was arrested. United States v. Roberson, 897 F.2d 1092, 1096-97 (11th Cir. 1990); see also United States v. Caudle, 430 F. App'x 809, 811 (11th Cir. 2011). Thus, the Court finds that the post-conviction court's denial of Petitioner's ineffective assistance of counsel claims was not objectively unreasonable based on the foregoing precedent. Ladd,

864 F.2d at 109-10.[6]  Accordingly, Petitioner is denied relief on Ground One.

**B. Ground Two**

Petitioner raises a prosecutorial misconduct claim based on the prosecutor's statements during her closing argument, and an ineffective assistance of appellate counsel claim for failure to raise such a claim on direct appeal.  Amended Petition at 7; Memorandum at 9.  Specifically, Petitioner asserts it was prosecutorial misconduct for the prosecutor to tell the jury that knowledge of the firearm could be inferred because Petitioner was the only person in the vehicle.  Id.  Petitioner asserts that there was no direct evidence linking him to the firearm, or establishing that he knew the firearm was within reach under his driver's seat.  Id. at 12.  Additionally, Petitioner faults appellate counsel for failure to raise the prosecutorial misconduct claim on direct appeal.  Id.

---

[6]Because the Court has found defense counsel's performance was not deficient, the Court need not address whether Petitioner was prejudiced by counsel's performance.  Cox v. McNeil, 638 F.3d 1356, 1362 (11th Cir. 2011)(citations omitted).

In Response,[7] Respondent argues that Petitioner's claim concerning the prosecutor's comment is clearly a question of state law.  Id. at 18 (citing Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984)).  Further, Respondent argues that appellate counsel cannot be deemed to have performed deficiently for failing to raise a prosecutorial misconduct claim on direct appeal because the comment was not preserved for appellate review and would not have been considered under the Florida fundamental error doctrine. Finally, Respondent argues that Petitioner cannot prove he was prejudiced by the prosecutor's statements during closing argument because the jury could infer from the officers' testimony that Petitioner had knowledge that the loaded weapon was under his driver's seat.  Id. at 23.  Alternatively, Respondent argues that the prosecutor's remarks during closing argument were permissible comments based on the evidence adduced at trial.  Id. at 20.

The record confirms that Petitioner raised a challenge to the prosecutor's closing argument as ground six of his Rule 3.850 Motion.  Exh. 6 at 14-16.  In his Rule 3.850 Motion, Petitioner argued that the prosecutor had improperly expressed an opinion

_____

[7]Respondent incorrectly reads the instant claim as one of ineffective assistance of trial counsel stemming from trial counsel's failure to object to the prosecutor's comments, which Petitioner raised before the State court.  Response at 17.  Thus, Respondent argues that the Petitioner cannot show defense counsel rendered deficient performance for not objecting to the prosecutor's comments during closing argument because under Florida law such an objection would have been overruled.  Id. at 18-19.

during closing argument that Petitioner lied, by the following statement that Petitioner paraphrased:

> The last thing you heard from the stand was that Sheddrick Jacobs used his brother's name . . . and now he is in court saying his brothers also drive the car and trying to create doubt and get out of this charge based on his brothers [sic].

Id. at 14.  Petitioner also took issue with the prosecutor's statement, which he paraphrased as follows:

> . . . When officer Schwartz stopped the car, Sheddrick Jacobs was the only person in the vehicle.  You can infer his knowledge, . . . just because he told the officers well, I didn't know it was there. . . If you believe the officers, you can still infer the knowledge if you belive [sic] the officers.

Id. at 15.  Petitioner claims this statement improperly encouraged the jury to infer Petitioner's knowledge of the weapon in the vehicle if they believed the evidence introduced during trial, including the officers' testimony.  Memorandum at 9.

The post-conviction court denied Petitioner relief on this claim finding as follows:

> Defendants sixth allegation that there was prosecutorial misconduct during closing argument is without merit.  A review of the State's closing argument, attached hereto, shows that the State did not misstate or mislead the jury concerning the law or facts.  Moreover, claims of prosecutorial misconduct were raised in a Motion for New Trial and could and should have been raised on direct appeal.  Spencer v. State, 842 So. 2d 52, 60 (Fla. 2003) Also see  the transcript of the Sentencing Hearing pp. 3-6, attached hereto.

Exh. 11 at 4.  Petitioner moved for hearing and appealed the adverse decision.  Exhs. 12-15.  The appellate court per curiam affirmed the post-conviction court's order.  Exh. 16.

Initially, the Court notes that the post-conviction court found that Petitioner did not properly exhaust this claim because he did not raise the claim on direct appeal.  See Exh. 11 at 4 (stating Petitioner's prosecutorial misconduct claim should have been raised on direct appeal, not in a motion for a new trial).  A federal court "will not take up a question of federal law presented in a case 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'"  Lee v. Kemna, 534 U.S. 362, 375 (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)).  "Federal courts are barred from reaching the merits of a state prisoner's federal habeas claim where the petitioner has failed to comply with an independent and adequate state procedural rule."  Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006)(citing Wainwright v. Sykes, 433 U.S. 72, 85-86 (1977)); Spencer v. Sec'y Dep't of Corr., 609 F.3d 1170, 1178 (11th Cir. 2010)(stating "[i]t is now abundantly clear that [a federal habeas court] cannot consider a claim where the last state court rendering a judgment in the case clearly and expressly stated that its judgment rests on a state procedural rule." (internal quotations and citations omitted)).  "To determine whether a state procedural bar constitutes an

-19-

independent and adequate state rule of decision, the last state court rendering judgment must clearly and expressly state that it is relying on a state procedural rule to resolve the federal claim, must not decide the claim [solely] on the merits, and must base its decision entirely on an 'adequate' state procedural rule." Lynd v. Terry, 470 F.3d 1308, 1313, n. 4 (11th Cir. 2006)(citing Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).

In the post-conviction court's order finding that Petitioner did not properly exhaust the claim because he did not raise the claim on direct appeal, the court cited Spencer v. State, 842 So. 2d 52, 60 (Fla. 2003).  The Spencer case found claims that should have been raised on direct appeal, but were not, were procedurally barred.  Id. at 68.  Accordingly, the prosecutorial misconduct claim is procedurally barred because the post-conviction court found the claim procedurally barred based on an independent and adequate state procedural rule.  Wyatt v. State, 641 So. 2d 355, 358-59 (Fla. 1964)(refusing to lift procedural bar where defense attorney failed to object to closing argument which did not amount to fundamental error); Allen v. State, 662 So. 2d 323, 331 (Fla. 1995)(recognizing claim that prosecutor inflamed jury by improper argument not preserved for appeal because no contemporaneous objection at trial).

The post-conviction court also, in the alternative, denied Petitioner's claim on the merits, finding that the prosecutor's

statements during closing argument did not misstate the facts, or mislead the jury. Even though the post-conviction court alternatively addressed the merits, this Court is bound by the application of the procedural bar. Spencer, 609 F.3d 1170, (11th Cir. 2010)(citing Parker, 331 F.3d at 774-75 (explaining that "an alternative merits holding leaves the procedural bar in place.")). Petitioner would now be barred under Florida law from raising the claim. Spencer v. State, 842 So. 2d at 52. As such, the claim is now procedurally defaulted, absent Petitioner's showing of cause for the failure to raise the claim on direct appeal and actual prejudice, or demonstrating that a failure to consider the claim will result in a fundamental miscarriage of justice. House v. Bell, 547 U.S. 518, 536 (2006)(citations omitted).

To overcome the procedural bar, Petitioner alleges a claim of ineffective assistance of appellate counsel for failing to raise his prosecutorial misconduct claim on direct appeal. Memorandum at 10-11. An ineffective assistance of counsel claim can constitute cause if that claim is not itself procedurally defaulted. Edwards v. Carpenter, 529 U.S. at 451-52. A petitioner asserting "prejudice" must demonstrate that there is "at least a reasonable probability that the result of the proceeding would have been different." Henderson, 353 F.3d at 892. Here, Petitioner raised his claim that appellate counsel rendered ineffective assistance by not raising the prosecutorial misconduct on direct appeal as ground

three of his state petition for writ of habeas corpus.  Exh. 19 at 8-9.   The appellate court denied Petitioner relief on his state petition.   Exh. 20.   Thus, Petitioner exhausted his claim of ineffective assistance of appellate counsel.

In applying Strickland to ineffective assistance of appellate counsel claims, the Eleventh Circuit has held that where an issue is not preserved for appellate review, an appellate counsel's failure to raise the issue on appeal is not constitutionally deficient if the attorney's decision not to raise the issue is based on his reasonable conclusion that the appellate court will not hear the issue on its merits.   Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992); Francois v. Wainwright, 741 F.2d 1275, 1285-86 (11th Cir. 1984).   In this case, it would have been unlikely for the appellate court to rule on the merits of this claim because it was not preserved at trial.   Wright v. State, 857 So. 2d 861, 875 (Fla. 2003).  Moreover, the prosecutor's statements during closing argument did not amount to a fundamental error.   In Florida, both the prosecutor and defense are afforded wide latitude in closing argument.   Ford v. State, 802 So. 2d 1121, 1129 (Fla. 2001).  As acknowledged by the post-conviction court, the record conclusively refutes that the prosecutor misstated the evidence, or mislead the jury.   The relevant portions of the prosecutor's closing argument in which the challenged comments allegedly were made is as follows:

THE COURT:   State may proceed.

MS. BIFFL (prosecutor):   Thank you.

The last thing you heard from the stand was that Sheddrick Jacobs used his brother's name on October 3rd. He thought he might have a warrant, and he wanted to get out of it.   And now he is in court saying his brothers also drive the car and trying to create doubt and get out of this charge, based on his brothers [sic].

I want to start with one of the jury instructions.   The judge is going to give you a packet, so you don't have to copy it down, because you are going to be able to take them to the back with you.   But I want to show you the elements, the definition of the crime that he charged with is possession of a firearm by a convicted felon . . . . .   [proceeds to recite the requisite elements- that petitioner is a convicted felon, second that he knowingly owned, had in his care, custody, possession or control a firearm] . . . . .

To possess.   This is what I want to focus on.   Having personal charge of or exercise the right to ownership, management or control.

The next page is going to further describe possession. Possession can be actual or constructive.   This instruction tells you he doesn't to [sic] have it in his waistband of pocket or in a holster on his body. It can be constructive possession, as well.

If a thing is so close as to be within ready reach and is under control of the person, it is in the actual possession of that person.   You heard both officers say, yes, it was concealed from view of the officers at the door, but it was where all he had to do was to reach down.   It was loaded, one shot in the chamber ready to go.

If a thing is in a place over which the person has control or in which the person has hidden or concealed it, it is in the constructive possession of that person.

And further down, if a person has exclusive possession of a thing, here a vehicle- I'm sorry, the gun in the vehicle- knowledge of its presence may be inferred or assumed.

What you heard was that Sheddrick Jacobs was alone in
that car.  Officer Tarman when he shone the spot light on
the car, only saw one occupant.  When Officer Schwartz
stopped the car, Sheddrick Jacobs was the only person in
the vehicle. You can infer his knowledge of that firearm
based on that.

Just because he told the officers, well, I didn't know it
was there.  He got on the stand and said, I didn't know
it was there.  You still can infer the knowledge if you
believe the officers and find the other evidence makes
sense.

Exh. 11 at 4-6 (attached relevant excerpts of trial transcript to
order denying Rule 3.850 Motion).

The Court finds the prosecutor's comments taken in context
constitute permissible argument on testimony offered into evidence.
United States v. Johns, 734 F.2d 657, 663 (11th Cir. 1984)(A
prosecutor is not limited to bare recitation of the facts and may
"comment" on the evidence and "state his contention as to the
conclusions the jury should draw from the evidence").  Thus,
appellate counsel cannot be deemed ineffective for failing to raise
an unpreserved and non-meritorous claim on direct appeal.  The
Court finds the State court's determination was not contrary to or
an unreasonable application of federal law set forth by the United
States Supreme Court.  And, the State court's decision was not an
unreasonable determination of the facts based on the evidence
presented.  Consequently, Petitioner is denied relief on Ground Two
because it is procedurally barred and he has not overcome the
procedural default through his ineffective assistance of appellate
counsel claim.

**C. Ground Three**

Petitioner asserts that his due process rights were violated because the jury instruction on the definition of "knowledge" of the presence of a firearm was confusing and misleading. Amended Petition at 8; Memorandum at 12. Specifically, Petitioner argues that the jury instruction "provided multiple methods of being proven [sic] but did not distinguish whether each method needed to be proved [sic] or if they could be proven in the alternative." Id. Petitioner claims that because knowledge of the firearm was "the critical issue" in this case, any error cannot be deemed harmless. Id. at 13. Petitioner acknowledges that the post-conviction court denied this claim as procedurally barred because he did not raise the claim on direct appeal. Petitioner contends, however, that he shows cause to overcome the default in his ineffective assistance of appellate counsel claim based on counsel's failure to raise the issue on direct appeal in his state habeas petition. Id.

In Response, Respondent submits that to the extent Petitioner relies on his state law arguments, federal jurisdiction does not lie. Response at 24. Respondent also maintains that Ground Three is procedurally barred because Petitioner's trial counsel did not object during trial to the instruction and Petitioner failed to raise the claim on direct appeal. Id. Further, Respondent points out that the post-conviction court denied this ground as

procedurally barred when Petitioner raised in his Rule 3.850 Motion.  Id.  Respondent further contends that Petitioner does not establish cause, even to the extent Petitioner claims appellate counsel rendered ineffective assistance of counsel for failing to raise this claim on direct appeal, because "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."  Id. at 27-28 (citing Murray v. Carrier, 477 U.S. 478, 486-87 (1986)).  And, Petitioner does not establish that appellate counsel rendered constitutionally deficient assistance.  Id. at 28.

The record shows that Petitioner raised his jury instruction claim as ground eight in his Rule 3.850 Motion.  Exh. 6 at 20. Petitioner, however, did not allege the error violated any of his rights protected under the United States Constitution and did not allege a due process violation.  See Id.  Instead, Petitioner took issue with the trial judge's answer that the instruction is in "plain English" when the jury asked the judge for further explanation on the instruction during its deliberation.  Id.

The post-conviction court denied Petitioner relief on this claim, noting:

> This allegation is similar to allegation raised in Defendant's second allegation and is an issue which should and could have been raised on appeal.  Moreover, standard jury instructions are presumed to be correct.

Exh. 11 at 4.  Petitioner's "second allegation" in his Rule 3.850 Motion took issue with the jury instruction because an instruction for "scienter" was never given.  Exh. 6 at 5-6.  In denying this ground for relief, the post-conviction court noted that the ground was procedurally defaulted because it was not raised on direct appeal.  Exh. 11 at 2.  The court further noted that the standard jury instructions utilized in Florida criminal cases was read to the jury and correctly stated that "standard jury instructions are presumed to be correct."  See Freeman v. State, 761 So. 2d 1055, 1071 (Fla. 2000).  Exh. 11 at 2.

### (1) Procedural Default

The Court finds Ground Three is procedurally defaulted because Petitioner did not raise this claim on direct appeal.  As previously discussed, in Florida, claims of trial court error are foreclosed from collateral review when they could have, and should have, been raised on direct appeal.  This rule is regularly and consistently applied by the Florida courts.  Moreover, when Petitioner raised this claim, albeit improperly, in his Rule 3.850 Motion, Petitioner did not raise it in terms of a federal constitutional violation.  Therefore, the Court finds Ground Three was not properly exhausted before the Florida courts and is now procedurally defaulted.

Petitioner attempts to overcome the procedural default by alleging appellate counsel rendered ineffective assistance by

failing to raise the jury instruction issue on direct appeal. Petitioner raised this ineffective assistance of appellate counsel claim in his state petition for habeas corpus as ground four. Exh. 19 at 10-11. Similar to reasoning discussed supra, the Court does not find that Petitioner has established cause to overcome the procedural default of Ground Three because appellate counsel cannot be faulted for failing to raise a claim on direct appeal that was not preserved by trial counsel. And, Petitioner never raised a claim that trial counsel rendered deficient performance for failure to preserve this claim.

    **(2)  Merits**

    Even if the Court found that Ground Three was not procedurally barred, when analyzing the merits of a claim purporting an error in a state jury instruction, the Court reviews the instruction solely to determine whether the alleged errors were so critical or important to the outcome of the trial that they rendered "the entire trial fundamentally unfair." Applewhite v. Sec'y Dep't of Corr., 373 F. App'x 969, 972 (11th Cir. 2010)(citing Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983)). The fact that a jury instruction is alleged to be incorrect under state law is not a basis for federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 71-72 (1991); Jamerson v. Sec'y Dep't of Corr., 410 F.3d 682, 688 (11th Cir. 2005). Further, the State court's interpretation of State law binds a federal court sitting in habeas

corpus.  Bradshaw v. Richey, 546 U.S. 74, 76 (2005).  The Eleventh
Circuit summarized the standard, as set forth by the United States
Supreme Court, in relevant part, as follows:

> [I]n a case where the defendants were charged with
> illegally possessing firearms found in an automobile, the
> Supreme Court upheld, as a permissive inference, an
> instruction that the jurors "were entitled to infer
> possession from the defendants' presence in the car."
> County Court of Ulster County, N.Y. v. Allen, 442 U.S.
> 140, 145, 157-65, 99 S. Ct. 2213, 2218, 2224-29, 60 L.
> Ed. 2d 777 (1979).  There, the jury instructions, as  a
> whole, made it clear "that the [permissive] presumption
> was merely a part of the prosecutions' case," and that
> the state retained the burden of proving possession
> beyond a reasonable doubt "without regard to how much
> evidence the defendants introduced."  Id. at 160-62, 99
> S.Ct. at 2226-27.  Further, under the facts of the case,
> it was rational for the jury to make the connection
> permitted by the inference.  Id. at 163-67, 99 S. Ct. at
> 2228-29; see also Baxter v. Thomas, 45 F.3d 1501, 1509
> (11th Cir. 1995)(holding, in a pre-AEDPA habeas case,
> that an instruction that the state's proof of certain
> predicate facts :would be a circumstance along with the
> other evidence in the case from which the jury may infer
> the guilt of the defendant" was permissive inference that
> was not "irrational").

Applewhite, 373 F. App'x at 972-973.

The Court's review of the jury instruction reveals that the
instruction correctly stated the law, and, therefore, it did not
deprive Petitioner of his due process rights.  Exh. 11 at 12-13.
The instruction Petitioner challenges in Ground Three was the same
instruction at issue in County Court of Ulster County, N.Y. v.
Allen, 442 U.S. 140 (1979).  As in the Allen case, the instructions
sub judice emphasized that the State bore the burden of persuasion
to prove every essential element of the charged crime beyond a

reasonable doubt.  The instruction nonetheless allowed the jury to logically infer Petitioner's possession and control of the firearm by inference based on the evidence consisting of testimony and photographs, which revealed that Petitioner was the only person in the vehicle and that the loaded gun was within reach under his driver's seat.  Likewise, when the jury returned with a question regarding the second element of the offense, the trial judge's response was to tell the jury to go back and read the instruction because it was written in "plain English."  The judge further stated that it is up to the jury to determine whether the State met their burden by proving the element beyond a reasonable doubt. Exh. 1, Vol. 2 at 109.  No counsel objected to the judge's explanation.  Id.  Based on the foregoing, Petitioner has failed to establish a due process violation, and has failed to show that the State court's decision was contrary to, or involved an unreasonable application of clearly established federal law.  Consequently, Petitioner is denied relief on Ground Three as procedurally barred, or, in the alternative, on the merits.

**D. Ground Four**

Petitioner alleges appellate counsel rendered ineffective assistance for failing to raise the claim that the prosecutor committed misconduct by questioning Petitioner about crimes he committed in the past.  Amended Petition at 10; Memorandum at 14. Specifically, Petitioner claims that during cross-examination the

prosecutor improperly asked him about his arrest for providing police officers with a false name and driving on a suspended license, which were the two crimes that the trial court had severed from the trial. Memorandum at 14. Petitioner states that his trial counsel objected to the question, but the judge overruled the objection. Id.

In Response, Respondent submits that the issue was not preserved for appeal because trial counsel did not object with regard to an in limine ruling when the prosecutor asked Petitioner about giving one of his brothers' names. Response at 29 (citing Exh. 1, Vol. 1, R. 104). Respondent further submits that Petitioner's underlying evidentiary issue raised in his rule 9.141 petition was framed in only state law terms, and the State court did not find the subject questions and testimony improper under Florida law. Id. at 30. Thus, Respondent contends that Petitioner cannot show that his appellate counsel overlooked a meritorious claim of reversible state law error. Id. Turning to the merits of the claim, Respondent submits that a review of the record shows that the prosecutor did not argue to the jury that Petitioner was guilty based on any arrest for a crime not before the jury. Id. Under the Strickland standard, Respondent argues that Petitioner cannot show prejudice because the testimony showing his untruthfulness to the police coupled with testimony that the firearm was readily accessible to him as the sole occupant in the

vehicle, evidenced guilty knowledge of his felonious possession of the firearm.

The record demonstrates that Petitioner raised the claim that appellate counsel rendered deficient performance under Strickland in his state habeas corpus petition. Exh. 19 at 14. Petitioner argued that the trial court granted the defense's motion to sever the trial, but the prosecutor, nevertheless, elicited testimony from him showing that Petitioner had lied to police about his identity. Id. at 14-15. Petitioner argued that, but for appellate counsel's failure to raise this claim, his direct appeal would have been granted. Id. at 14. The appellate court denied Petitioner relief on this claim. Exh. 20. Thus, the Court reviews this claim applying the deferential standard to the State court's ruling.

Upon review of the record, the Court finds that the State court's decision was not contrary to or an unreasonable application of Strickland, and was not an unreasonable determination of the facts based on the evidence presented. Appellate counsel's performance cannot be deemed deficient or prejudicial for failing to raise a non-meritorious claim on direct appeal. In denying Petitioner's motion for a new trial, the trial judge specifically found:

> . . . Well, the jury was not aware that he as charged in another Information with - with an offense, or that the fact that he gave his brother's name to the arresting officer initially, and then finally gave him the correct name. That is, in fact, a crime. The jury was not aware

> of that.  And no prejudice for the defendant, and there
> is certainly sufficient evidence to sustain the verdict.

Exh. 1, Vol. 3 at 130.  Thus, the jury was not aware of the fact that Petitioner had been charged with other crimes.  The purpose of introducing any evidence that Petitioner had lied about his identity revealed that Petitioner did not want the officers to know his true identity because he was a convicted felon, and at that moment was also in possession of a firearm.  Petitioner is denied relief on Ground Four.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Amended Petition for Writ of Habeas Corpus is **DENIED** for the reasons discussed herein.

2.  The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability. Id. "A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing, petitioner

"must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). The issues raised by Petitioner does not satisfy these standards. Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** in Fort Myers, Florida, on this __2nd__ day of February, 2012.


_____
**JOHN E. STEELE**
United States District Judge


SA: alj
Copies: All Parties of Record